NORTH CAROLINA     IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FORSYTH COUNTY    FILED     21 CVS 2195

2021 APR 26 P 2:52
FORSYTH CO., C.S.C.
BY _____

DARRYL BRYAN, )
     Plaintiff, )
)
vs. )    COMPLAINT
)
TYSON FOODS, Inc. )    JURY TRIAL DEMANDED
)
     Defendant. )
)
)
)

COMES NOW the Plaintiff, by and through counsel, complaining of the Defendant, and alleges and says:

## PARTIES

1. Plaintiff, Darryl Bryan ("Plaintiff"), is a citizen and resident of Forsyth County, North Carolina.

2. Defendant, Tyson Foods, Inc. ("Defendant"), is a corporation organized and existing under and by virtue of the laws of Delaware, which is authorized to do business in and doing business in North Carolina. Defendant employs more than fifteen (15) employees in the state of North Carolina at all relevant times herein.

3. Defendant's principal place of business is in Springdale, Arkansas, but runs four factories in North Carolina, including its hatchery plant, located in Monroe, North Carolina.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties to this action pursuant to N.C.G.S. § 95-243 and N.C.G.S. § 7A.

5. Venue is proper is Forsyth County under N.C.G.S. § 95-243(a), as in much as Plaintiff is a resident of Forsyth County.

## FACTS

6. Plaintiff repeats each allegation set forth above as if fully set forth herein at length.

7. Plaintiff was hired by Defendant in 2011.

8. Since 2011, Plaintiff has been employed with Defendant as a Hatchery Manager at the hatchery in Monroe, North Carolina.

9. On or about January 17, 2020, due to concerns related to David Pressly's management and lack of communication, Plaintiff made an oral complaint to David Anderson (Live Production Manager) regarding the management of David Pressly.

10. Approximately five (5) days after Plaintiff made the complaint, on or about January 22, 2020, David Pressly placed Plaintiff on a performance improvement plan ("PIP") claiming that Plaintiff's performance of his duties had not in compliance with what was expected of his position.

11. David Pressly ("Pressly") is the step-son of the complex manager, Johnathan Edwards.

12. Pressly is not listed as a manager for Defendant and did not have the proper authority to place Plaintiff on the PIP.

13. Pressly did not participate in Plaintiff's annual performance reviews or provide input related to Plaintiff's performance.

14. Upon information and belief, Plaintiff was placed on a PIP by Pressly solely because Pressly became aware that a complaint was made against him by Plaintiff, and as such, in an act of retaliation, placed Plaintiff on the PIP.

15. The PIP provided that for the next sixty (60) days, Plaintiffs' work would be closely monitored.

16. During the sixty (60) days of the PIP and being closely monitored by Defendant, Plaintiff completed and fully satisfied each and every requirement of the PIP.

17. On March 26, 2020, Defendant stated in the final PIP review that "Darryl has met all requirements. Darryl has put strict guidelines, plans and schedules in place to track all checks that are required. Going forward the expectations are to continue focusing on all items that have been put in place and monitor daily/weekly. Continue to grow your team, so that they have knowledge of what the SOP's are for each item and hold team members accountable when things are not to standard. Continue educating and growing Peta in her role as a supervisor. Darryl has done well through this process with taken constructive feedback from others. It is up to Darryl to make sure all guidelines and procedures are being followed daily, we cannot afford to get complacent and lose focus. Darryl will be held accountable for all actions out of compliance in the future."

18. The final PIP review, as referred to above, was approved and signed off by David Anderson and David Pressly.

19. On or about August 13, 2020, Johnathan Edwards (Complex Manager) and Plaintiff were attempting to keep the chains of a damaged lift-gate in their tracks as the lift-gate was being raised when it suddenly unfolded and trapped Plaintiff's right hand, causing serious injuries including fractures, lacerations, and permanent nerve damage.

20. The injuries were so severe in nature that Plaintiff required immediate medical attention.

21. Due to the fact that Plaintiff's job was primarily administrative in nature, Plaintiff returned to work on August 14, 2020 after his doctor's appointment.

22. Due to an alleged performance issue with respect to the hatch on or about August 17, 2020, Plaintiff was placed on Administrative Leave by Defendant's Human Resource Manager (John Wolfe) and Johnathan Edwards on August 20, 2020.

23. Defendant informed Plaintiff that he would be on administrative leave for approximately two (2) weeks and was supposed to return to work on September 3, 2020.

24. John Wolfe sent a text message to Plaintiff on September 2, 2020 and informed Plaintiff to not come in on September 3, 2020 and further informed Plaintiff that Defendant would "be in touch" with Plaintiff.

25. On or about September 10, 2020, Plaintiff received a phone call from John Wolfe, who informed Plaintiff that he was being terminated from his position of Hatchery Manager with Defendant, effective as of September 14, 2020.

## PLAINTIFF'S FIRST CAUSE OF ACTION
(Violation of North Carolina Retaliatory Employment Discrimination Act)

26. Plaintiff repeats each allegation set forth above as if fully set forth herein at length.

27. Plaintiff is a person within the meaning of N.C.G.S. § 95-240(1).

28. Defendant is a person within the meaning of N.C.G.S. § 95-240(1).

29. This court has jurisdiction over the claims asserted herein that arise under North Carolina law, including *inter alia*, Article 21, Section 95-240.

30. Plaintiff has fully exhausted his claims within the North Carolina Department of Labor, and has been issued a Right-to-Sue Letter by the Department of Labor.

31. Defendant's reasons for termination of Plaintiff's employment on or about September 14, 2020, were "retaliatory actions" within the meaning of N.C.G.S. § 95-240(2) and were discriminatory acts against Plaintiff, such that the termination of Plaintiff was unlawful.

32. Plaintiff's actions as set forth herein, constitute acts protected from discrimination under N.C.G.S. § 95-241(a)(1)(a) in that Plaintiff in good faith, was intending to and did pursue and file a worker's compensation claim pursuant to Chapter 97 of the North Carolina General Statutes.

33. Plaintiff was discharged and terminated in violation of the North Carolina Retaliatory Discrimination Act (REDA) as set forth in of N.C.G.S. § 95-241(a)(1)(a).

34. As a direct result of Defendant's violation of N.C.G.S. § 95-240, *et seq*, Plaintiff has suffered in excess of $25,000.00 representing loss wages, lost benefits, and other economic and non-pecuniary losses proximately caused by the retaliatory action and discrimination against Plaintiff by Defendant.

35. Defendant's violation of the North Carolina Retaliatory Discrimination Act (REDA) was willful as set forth in N.C.G.S. § 95-243; therefore, Plaintiff is entitled to treble damages for Defendant's willful violation thereof.

36. Plaintiff is entitled to his costs as reasonable attorney's fees for Defendant's violation of the North Carolina Retaliatory Discrimination Act pursuant to N.C.G.S. § 95-243(c).

**PLAINTIFF'S SECOND CAUSE OF ACTION**
(Wrongful Discharge in Violation of Public Policy)

37. Plaintiff repeats each allegation set forth above as if fully set forth herein at length.

38. Defendant's conduct in discharging Plaintiff constitutes wrongful discharge in violation of North Carolina public policy protecting individuals against retaliatory discharge or

asserting their legal rights under Chapter 97 of the North Carolina General Statutes, as set forth in N.C.G.S. § 95-240 *et seq*, and as exists in common law.

39. Defendant's actions as herein described, were malicious and in willful and wanton disregard of Plaintiff's rights.

40. Plaintiff is entitled to punitive damages against Defendant in an amount in excess of $25,000.00.

41. As a direct and proximate result of Plaintiff's wrongful discharge, Plaintiff has suffered emotional pain, irreparable damage to his reputation, deterioration of his emotional and physical health, and loss of enjoyment of life; has lost compensation in tangible job benefits; has sustained and will continue to sustain irreparable injury; and other damages in excess of $25,000.00.

42. Plaintiff is entitled to back pay, front pay, compensatory and punitive damages, and such other relief as the Court shall deem appropriate.

WHEREFORE, Plaintiff respectfully prays the Court:

1. That all issues so triable be tried by a jury;

2. That the Court award Plaintiff more than $25,000.00, the exact amount to be determined at trial, for violation of the North Carolina Retaliatory Employment Discrimination Act;

3. That the Court award Plaintiff treble damages for Defendant's willful violation of the North Carolina Retaliatory Employment Discrimination Act;

4. That the Court award Plaintiff more than $25,000.00, the exact amount to be determined at trial, as actual and compensatory damages for wrongful discharge;

5. That the Court award Plaintiff more than $25,000.00, the exact amount to be determined at trial, as punitive damages for wrongful discharge;

6. That the Court award attorneys' fees pursuant to N.C.G.S. § 95-243.

7. That the Court award Plaintiff costs and expenses incurred in filing and prosecuting this action pursuant to N.C.G.S. § 95-243.

8. That the Court award Plaintiff interest, as allowed by law;

9. That the Court award such other relief as the Court deems just and proper.

This the 26th day of April, 2021.

_____
Bradley B. Rooney, N.C. Bar # 54218
FREEDMAN THOMPSON WITT CEBERIO & BYRD
210 Cherry St. S.
Winston-Salem, NC 27101
Phone: 336.725.8323
Fax: 336.722.5218
brooney@ftwcb.com
*Counsel for Plaintiff*

NORTH CAROLINA

FORSYTH COUNTY

**VERIFICATION**

I, **DARRYL BRYAN,** being first duly sworn, depose and say that I am the Plaintiff in the above-entitled action; that I have read the contents of the foregoing **COMPLAINT** and know the contents thereof; and that the same is true to the best of my knowledge, except as to those matters and things therein stated upon information and belief, and as to those matters and things, I believe them to be true.

This the 26 day of April, 2021.

*/s/ Darryl Bryan*
**Darryl Bryan**

Sworn to and subscribed before me this the 26 day of April, 2021.

*/s/ Lauren S. Weir*
NOTARY PUBLIC

My Commission Expires: 9-7-2022

LAUREN S. WEIR
Notary Public - North Carolina
Davie County
My Commission Expires 9-7-2022